UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAR 12 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VENKATA RAM MOHAN JILLELLA, an individual,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>INTERNATIONAL SOLUTIONS GROUP, INC., a Virginia Corporation and RAVI PULI, an individual,<br><br>        Defendants - Appellees. | No. 10-56821<br><br>D.C. No. 2:10-cv-06982-R-SS<br>U.S. District Court for Central California, Los Angeles<br><br>**MANDATE** |



RECEIVED
CLERK, U.S. DISTRICT COURT

3/12/2013

CENTRAL DISTRICT OF CALIFORNIA
BY: _____DLM_____ DEPUTY

The judgment of this Court, entered February 08, 2013, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

Costs are taxed against the appellee in the amount of $197.20.

                                      FOR THE COURT:
                                      Molly C. Dwyer
                                      Clerk of Court

                                      Synitha Walker
                                      Deputy Clerk

FILED

FEB 08 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VENKATA RAM MOHAN JILLELLA, an individual,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>INTERNATIONAL SOLUTIONS GROUP, INC., a Virginia Corporation and RAVI PULI, an individual,<br><br>        Defendants - Appellees. | No. 10-56821<br><br>D.C. No. 2:10-cv-06982-R-SS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted February 5, 2013[**]
Pasadena, California

Before: CALLAHAN, IKUTA, and HURWITZ, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Venkata Ram Mohan Jillella alleges that he was hired in India by International Solutions Group, Inc. ("ISG") to be a computer program analyst in the United States. Jillella filed this action claiming that ISG and its president, Ravi Puli, sent him to California to work for the WellPoint Companies ("WellPoint"), that he provided WellPoint with over 800 hours of service over a period of five months, and that ISG refused to pay him for his services. Jillella appeals from the district court's grant of the defendants' motion to dismiss for lack of personal jurisdiction. Because Jillella has shown that his claims arise out of ISG's substantial connection with California, we vacate the dismissal and remand for further proceedings.[1]

A dismissal for lack of personal jurisdiction is reviewed de novo. *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010). "California's long-arm statute is co-extensive with federal standards, so that a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). We apply a three-part test to determine whether the exercise of specific jurisdiction over a nonresident defendant is appropriate: (1) whether the

---

[1] Because the parties are familiar with the facts and procedural history, we restate them here only as necessary to explain our decision.

defendant has purposely directed its activities toward the state or purposefully availed itself of the privilege of conducting activities in the forum; (2) whether the claim arises out of the defendant's forum-related activities; and (3) whether the exercise of jurisdiction is reasonable. *Id.* at 1016. In addition, in applying the "purposeful direction" test to cases claiming tortious conduct, such as this one, where Jillella alleges fraud, we use the *"Calder-*effects" test. This requires the defendant to have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Brayton*, 606 F.3d at 1128.

We find that Jillella has met the first two prongs of the three-part specific jurisdiction test.[2] The first prong is met because Jillella's complaint meets all three factors of the *Calder*-effects test with respect to defendant ISG. ISG, by allowing its admitted employee to work for a third party in California for five months and then allegedly refusing to pay him, committed an intentional act expressly aimed at California, which it knew would likely cause harm in California. The second

---

[2] Appellees' motion to strike part of Jillella's opening brief and part of the excerpts of record is denied. The underlying documents in question were submitted to the district court and were presumably available to the district court when it considered the motion to dismiss. *See 20 Moore's Federal Practice*, §§ 310.02(2)(c), 310.10(5)(a) (3d ed. 2012).

3

prong is met because Jillella's claim arises out of ISG's forum-related activities: employing Jillella and sending him to work at WellPoint in California.

Where, as here, a plaintiff meets the first two prongs, the burden shifts to the defendants under the third prong to show that the exercise of specific jurisdiction would not be reasonable. *Boschetto*, 539 F.3d at 1016. We have identified seven non-exclusive factors to determine reasonableness. *Ziegler v. Indian River County*, 64 F.3d 470, 474-5 (9th Cir. 1995). In this case, the balance of these factors favors the exercise of specific jurisdiction. ISG purposely placed Jillella in California. Although ISG's records are in Virginia, WellPoint is in California, and the records of Jillella's actual work are in California. California has a greater interest in having persons who work in California paid than Virginia has in ensuring that a Delaware corporation headquartered in Virginia pays its employee in California. Thus, under the applicable standard set forth in *Boschetto*, the district court had personal jurisdiction over ISG and erred in granting ISG's motion to dismiss.

Ravi Puli also asserts that the district court lacks personal jurisdiction over him because he works and lives in Virginia and has insufficient contacts with California. We decline to determine whether the district court has personal jurisdiction over Puli. The district court based its finding of a lack of personal jurisdiction over Puli on its determination that "ISG did not commit any acts

4

directed toward California that would establish personal jurisdiction." As we have determined that ISG did commit acts directed toward California that establish the district court's jurisdiction over ISG, we remand the question of whether the district court has personal jurisdiction over Puli to the district court to apply the specific jurisdiction test to Puli individually.

The district court's order dismissing Jillella's action is **VACATED**, and this matter is **REMANDED** to the district court.